IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-16-115 |
| | * | |
| LINNARD DIXON | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Now pending is Linnard Dixon's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF 46). Dixon requests compassionate release on the basis that his underlying health conditions (high blood pressure, seizures, and a "lengthy history of smoking tobacco products") and race (African American) make him more vulnerable to COVID-19.

At this time, the court is not persuaded that either Dixon's underlying conditions or his race constitute an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[1] The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., obesity), and those where someone

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at \*3 (D. Md. Apr. 6, 2020) (citing cases).

2

"*might* be at an increased risk" (e.g., asthma). *Id*. (emphasis added). While two of Dixon's

asserted underlying conditions (high blood pressure and smoking) appear in the latter category,

*id*., he does not provide medical or other documentation supporting his claim of increased

vulnerability to COVID-19. And while the court acknowledges Dixon's assertion that African

Americans generally are more susceptible to COVID-19, without more evidence that Dixon

*himself* is at heightened risk, the court does not find that his race provides a basis for

compassionate release.

Accordingly, Dixon's motion for compassionate release (ECF 46) is DENIED

WITHOUT PREJUDICE.

So Ordered this <u>22nd</u> day of July, 2020.


                                                    /S/
                                         _____
                                         Catherine C. Blake
                                         United States District Judge